IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:16-CV-086-RLV-DCK

| | |
|---|---|
| VIVIEN WAYNE BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 9) and "Defendant's Motion For Summary Judgment" (Document No. 11). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" be <u>denied</u>; that "Defendant's Motion For Summary Judgment" be <u>denied</u>; and that the Commissioner's decision be <u>vacated</u>.

## I.  BACKGROUND

Plaintiff Vivien Wayne Brooks ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On or about June 26, 2013, Plaintiff filed applications for a period of disability and disability

---

[1] Nancy A. Berryhill became Acting Commissioner of Social Security on January 23, 2017. The Clerk is directed to substitute Nancy A. Berryhill for Carolyn Colvin as Defendant in this matter. <u>See</u> Fed. R. Civ. P. 25(d); <u>see also</u> 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning June 26, 2013. (Transcript of the Record of Proceedings ("Tr.") 13, 170-176, 177-182). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on or about September 20, 2013, and again after reconsideration on or about November 25, 2013. (Tr. 13, 98, 108, 112, 116). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties.
> We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 108).

Plaintiff filed a timely written request for a hearing on December 3, 2013. (Tr. 13, 126-127). On May 28, 2015, Plaintiff appeared and testified at a hearing before Administrative Law Judge Edward T. Morriss (the "ALJ"). (Tr. 13, 28-45). In addition, Russell Vick, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on October 14, 2015, denying Plaintiff's claim. (Tr. 10-12, 13-23). On November 4, 2015, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on March 31, 2016. (Tr. 1-3, 8-9). The October 14, 2015 ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on May 24, 2016. (Document No. 1). On June 8, 2016, the undersigned was assigned to this case as the referral Magistrate Judge.

Plaintiff's "Motion For Summary Judgment" (Document No. 9) and "Plaintiff's Memorandum In Support Of Motion For Summary Judgment" (Document No. 10) were filed October 4, 2016; and "Defendant's Motion For Summary Judgment" (Document No. 11) and "Memorandum Of Law In Support Of Defendant's Motion For Summary Judgment" (Document No. 12) were filed December 5, 2016. Plaintiff declined to file a response/reply brief, and the time to do so has lapsed. See "Social Security Briefing Order," Case No. 3:13-MC-198-FDW, (Document No. 1) (W.D.N.C. Dec. 23, 2013).

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Richard L. Voorhees is now appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than

create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between June 26, 2013, and the date of his decision.[2] (Tr. 13). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

---

[2] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 22-23).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since June 26, 2013, his alleged disability onset date. (Tr. 15). At the second step, the ALJ found that right elbow degenerative joint disease and intellectual disability were severe impairments.[3] (Tr. 15).

---

[3] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 16). The ALJ specifically found that "[w]ith regard to concentration, persistence or pace, the claimant has moderate difficulties based on his intellectual disability." (Tr. 17).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform medium work, "except he is limited to understanding, remembering and carrying out simple instructions." (Tr. 18). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id.

At the fourth step, the ALJ held that Plaintiff could not perform his past relevant work as a machine operator/loader. (Tr. 21-22). At the fifth and final step, the ALJ concluded based on "the claimant's residual functional capacity, age, education, and work experience in conjunction with the Medical-Vocational Guidelines," that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (Tr. 22). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between June 26, 2013, and the date of his decision, October 14, 2015. (Tr. 22-23).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ erred by improperly assessing Plaintiff's mental RFC; and (2) the ALJ failed to conduct a proper Step 3 analysis. (Document No. 10, pp.4-5). The undersigned finds that Plaintiff's first assignment of error provides sufficient, and familiar, cause for remand.

6

**Mental RFC**

In his first assignment of error, Plaintiff contends that the ALJ's decision fails to meet the procedure for evaluating mental impairments set forth in 20 C.F.R. §§ 404.1520a, 416.920a. (Document No. 10, p.5). Plaintiff asserts that the ALJ's RFC assessment does not include a complete determination of his mental limitations. (Document No. 10, p.6). Plaintiff further asserts that the "issue in this case is not whether Brooks has 'severe' mental impairments, the ALJ already determined he does (Tr. 15), but rather whether the ALJ fully accounted for his own mild and moderate limitations findings in the residual functional capacity." (Document No. 10, p.7).

Plaintiff argues that the ALJ "does not give a complete function-by-function analysis of the nonexertional mental functions associated with Brooks' difficulties in the broad areas of functioning." (Document No. 10, p.8). "Even though the ALJ found Brooks has restrictions, he does not discuss what effect, if any, Brooks' difficulties with activities of daily living have on his ability to engage in work activity on a sustained basis beyond his conclusory statement that Brooks is able to carry out simple work tasks." Id. Plaintiff further argues that "[t]here is not a complete discussion as to how Brooks will be able to interact with others despite the ALJ finding he has difficulties in social functioning." (Document No. 10, p.9).

Most persuasive is Plaintiff's contention that the ALJ's decision is inconsistent with the Fourth Circuit's ruling in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). (Document No. 10, pp.10-12). Here, as in Mascio, the ALJ determined that Plaintiff has moderate difficulties with regard to concentration, persistence, or pace. (Tr. 18); see also (Document No. 10, p.10) (citing Mascio, 780 F.3d at 638). Plaintiff notes that the ALJ limited him to "understanding, remembering and carrying out simple instructions," but failed to address his ability to stay on task. (Document No. 10, p.10) (citing Tr. 18). Plaintiff asserts: "[m]ost significantly, at no point in the decision

7

does the ALJ analyze, discuss, or determine Brooks' ability to stay on task. The ability to perform tasks differs from the ability to stay on task." Id.

Plaintiff argues that the following holding from Mascio is directly on point here:

> we agree with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.' Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits). As Mascio points out, the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace.

(Document No. 10, p.11) (quoting Mascio, 780 F.3d at 638).

Plaintiff further argues that, as in Mascio, "only a determination of Brooks' ability to stay on task would account for his limitation in concentration, persistence, and pace." (Document No. 10, p.11). In addition, Plaintiff argues that the ALJ "is not only obligated to determine whether Brooks can perform work-related functions, []he is also obligated to explain Brooks' 'ability to perform them for a full workday.'" (Document No. 10, p.11) (quoting Mascio, 780 F.3d at 637). "The ability to perform simple repetitive tasks and instructions does not always equate with the ability to stay on that task for a full work day." Id.

Plaintiff concludes that the ALJ did not make a finding, nor provide any explanation as to Brooks' capability to stay on task in light of his moderate difficulties in concentration, persistence, or pace, thus the ALJ's decision is inadequate and requires remand. (Document No. 10, p.12) (citing Mascio, 780 F.3d at 638).

In response, Defendant argues in most pertinent part that "this argument ignores the plain language of the ALJ's decision, which specifically stated and explained that no limitations were necessary to accommodate Mr. Brooks' difficulties, other than those already included in the residual functional capacity statement." (Document No. 12, p.5) (citing Tr. 18, 19-21).

8

Defendant contends that the ALJ did not err because the record does not support any additional restrictions, and that Plaintiff's difficulties with concentration, persistence, and pace are adequately addressed by the limitation to simple tasks. (Document No. 12, pp.7-9).

The undersigned has reviewed those parts of the decision cited by Defendant, but is not convinced that the ALJ adequately explained his determination, or otherwise addressed Plaintiff's ability to stay on task. Pursuant to Mascio, the limitation to "understanding, remembering and carrying out simple instructions," without more explanation, does not appear to be adequate here. The ALJ acknowledged Plaintiff's difficulty with concentration, persistence, and pace, and that he has an intellectual disability that is a severe impairment; but, contrary to Defendant's assertions, the undersigned does not find that the RFC adequately accounts for such mental limitations. [4] See (Tr. 15, 17, 20-21).

Instead, the undersigned finds Plaintiff's arguments to be persuasive. (Document No. 10). The ALJ's failure to adequately address Plaintiff's limitations as to concentration, persistence, and pace frustrates meaningful review. Like Mascio, "because the ALJ here gave no explanation, a remand is in order." Mascio, 780 F.3d at 638.

While Defendant may ultimately be correct that Plaintiff can perform work in the national economy, the undersigned is persuaded that the ALJ's opinion is deficient based on the Fourth Circuit's decision in Mascio v. Colvin. See Kidd v. Colvin, 1:15-CV-208-GCM-DCK, 2017 WL 443469 (W.D.N.C. Jan. 10, 2017) aff'd by 2017 WL 442898 (W.D.N.C. Feb. 1, 2017); Boyd v.

---

[4] The undersigned observes that Plaintiff's argument pursuant to Mascio is increasingly familiar to the Court, and consistently results in remand. The undersigned respectfully encourages counsel for both sides to confer regarding similar litigation to discuss the possibility of consent remands that may reduce further delay and expense in such cases.

Berryhill, 3:16-CV-069-GCM-DCK (Document No. 19) (W.D.N.C. Feb. 22, 2017). This error alone provides sufficient cause to remand.

## IV.    CONCLUSION

The undersigned is not persuaded that substantial evidence supports the Commissioner's decision and that the Commissioner applied the correct legal standards. As such, the undersigned will recommend that the Commissioner's decision be vacated.

## V.    RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 9) be **DENIED**; "Defendant's Motion For Summary Judgment" (Document No. 11) be **DENIED**; and the Commissioner's determination be **VACATED** and that this matter be **REMANDED** for further consideration.

## VI.    TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: March 7, 2017

_____
David C. Keesler
United States Magistrate Judge